**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **GEORGE DINKINS,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **VS.** | : | **CIVIL NO. 5:12-CV-0454-MTT-CHW** |
| | : | |
| **JUSTIN CLARK, *et. al.*,** | : | |
| | : | |
| **Defendants** | : | |

_____

## <u>ORDER</u>

Plaintiff **GEORGE DINKINS**, a prisoner currently confined at the Houston County Correctional Institution, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and also sought leave to proceed *in forma pauperis.*   After conducting a preliminary view of his Complaint, this Court found (1) that the three strikes provision of 28 U.S.C. § 1915(g) prevented Plaintiff from proceeding *in forma pauperis* and (2) that, even if Plaintiff could proceed *in forma pauperis*, his Complaint failed to state a claim upon which relief may be granted.   Plaintiff's Complaint was thus dismissed without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002); 28 U.S.C. § 1915A(b)(2); and *Washington v. Wigington*, No. 1:12–CV–0637–WSD–JFK, 2012 WL 3834844 (N.D. Ga. July 27, 2012) ("When a *pro se* plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice.").   Judgment was entered on December 4, 2012.

At the time of dismissal, the Court instructed Plaintiff that, if he desired to purse his claims, he could file a new action.   The Court did not *sua sponte* grant Plaintiff leave to amend his Complaint before or after dismissal; nor was the Court required to. *See*

*Quinlan v. Pers. Transp. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint without prejudice."(emphasis in original)).

Plaintiff has now filed "Written Objections" (ECF No. 7) to the Court's Order, which appear to also include supplements to his Complaint.   While it is true that Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend his pleading once as a matter of course, "Rule 15 has no application . . . once the district court has dismissed the complaint and entered final judgment for the defendant." *Lee v. Alachua County, FL*, 461 F. App'x 859, 860 (11th Cir. 2012) (quoting *Jacobs v. Tempur–Pedic Int'l, Inc.*, 626 F.3d 1327, 1344-45 (11th Cir. 2010)).   A plaintiff may seek leave to amend post-judgment only if he is first granted relief under Federal Civil Procedure Rule 59(e) or Rule 60(b)(6). *Id.* (internal alterations omitted); *see also Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (post-judgment requests for leave to amend a pleading, "whatever their merit, cannot be allowed unless and until the judgment is vacated under, say, Fed.R.Civ.P. 60"). "[T]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011).

The Court will thus construe Plaintiff's "Objections" to be a Rule 60 Motion for Relief from Judgment. *See* Fed. R. Civ. Pro. 60(b).   Under Rule 60, "the court may relieve a party . . . from a final judgment, order, or proceeding" if the party can show (1) a "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence .

. .."; (3) "fraud . . . , misrepresentation, or misconduct by an opposing party"; (4) that "the judgment is void"; (5) that "the judgment has been satisfied, released or discharged . . ."; or (6) "any other reason that justifies relief."   *Id.*

Plaintiff's Motion falls well-short of meeting the legal standard under Rule 60. Though Plaintiff's Motion re-casts his previous allegations and supplements his initial Complaint, Plaintiff has failed to establish that any of the Rule 60(b) factors might justify the relief he seeks.   Plaintiff does not identify any "mistake," "newly discovered evidence" or "fraud" that might warrant relief from the judgment, and he does show that the judgment is somehow void.   Thus, factors (1) through (5) are not applicable here.

The only issue, therefore, is whether Plaintiff's Motion shows "any other reason that justifies relief." *Id.*   While, in this case, Plaintiff's Motion identifies many reasons he believes that the Court's prior Order should be vacated, his Motion does not make the showing required by Rule 60(b).   Inasmuch, "a movant seeking relief pursuant to Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." *Santa v. U.S.*, No. 11–14540, 2012 WL 5233564, *2 (11th Cir. Oct. 24, 2012). In other words, "[t]he party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).   Even then, "whether to grant the requested relief is a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000).

Here, Plaintiff has failed to make any showing of "extraordinary circumstances" to warrant application of the Rule 60(b)(6) catch-all provision.   While Plaintiff may suspect

that one Defendant is "stalking" him, Plaintiff does not sufficiently show that he will suffer an "extreme" or "unexpected" hardship if relief under Rule 60 is not granted.   This case thus does not present equitable factors warranting relief under Rule 60.   Plaintiff's Motion is thus **DENIED**.   However, as previously stated, if Plaintiff still wishes to bring civil rights claims against these Defendants, he may do so by submitting a new complaint.   The dismissal of this action was without prejudice.

**SO ORDERED**, this 3rd day of January, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr

-4-